C. F. MUSSEY, Respondent, v. C. H. VANSTONE, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Attorney and Client: COLLECTING AGENCY: INSTRUCTION.** Where an attorney brings suit on a claim as the attorney of a collection agency, he can not recover his fees from the plaintiff in such proceeding; and an instruction set out in the opinion is held proper under the pleadings and evidence in this case.

2. **Trial Practice: COURT AS JURY: INSTRUCTION.** Where the court sits as a jury, the parties are entitled to have declarations of law, and the court's rulings in this regard are subject to review.

Appeal from the Saline Circuit Court.—*Hon. Richard Field,* Judge.

REVERSED AND REMANDED.

*L. W. Scott* for appellant.

(1) The court erred in refusing to give the declaration of law prayed for by the defendant. This defense was testified to by defendant Vanstone and his evidence is supported by the written contract he had with the Bristol Mercantile Agency, offered in evidence, and by the letter of the agency to defendant, written prior to defendant's connection with plaintiff, in which is found this language: "Our attorney is Charles F. Mussey, No. 515 Main street, a hustler, you can write him too;" and by the letter of C. F. Mussey to C. H. Vanstone of date of June 10, 1895, written after the services had been performed in which is this language: "You are right in assuming that we are working under your contract with the Bristol Mercantile Agency," and by other evidence. (2) The defendant was entitled to a declaration of law on his theory of the case, predicated as it was upon the pleadings and evidence in

the case. Cunningham v. Snow, 82 Mo. 587, 593; Lee v. Potter, 18 Mo. App. 377; Butler Co. v. Bank, 143 Mo. 13. (3) The Bristol Mercantile Agency was defendant's agent for the collection of these claims. There was no privative of contract between Mussey and Vanstone, and Mussey could not maintain an action against Vanstone on the contract. Hill v. Morris, 15 Mo. App. 322; Homan v. Ins. Co., 7 Mo. App. 32; Trafton v. United States, 4 Story 653; Hoover v. Wise, 91 U. S. 311; Corbett v. Shumacker, 83 Ill. 403.

*Harvey & Gower* for respondent.

The court committed no error in refusing to give declaration of law numbered one in behalf of defendant for the reason that defendant's own testimony shows clearly that he employed plaintiff to institute the suits and conduct the litigation in question for him. Wilkerson v. Eilers, 114 Mo. 245; McCarthy v. Fagin, 42 Mo. App. 619.

GILL, J.—This is an action in two counts. In the first, plaintiff alleges that he was employed by defendant to institute and prosecute as an attorney two suits in the circuit court of Jackson county, and that his services were reasonably worth the sum of $150. The second count is for the recovery of $1080, being a balance due for advanced costs in said two suits, paid by plaintiff at defendant's request.

The answer is first a general denial, and secondly, as a further answer, defendant says, "that on or about the 3d day of August, 1893, he entered into a written contract with the Bristol Mercantile Agency, a corporation located in the city of Chicago, state of Illinois, whereby said agency, for and in consideration of $30 to it paid by defendant, agreed to endeavor to make collections for defendant anywhere in the United States or Canada, of any claims that might be put in its hands, upon the rates and terms that if no collection was

made no charge would be made, and that it would only charge a certain stated per cent on the collections that were made. That under this contract he sent the notes and accounts mentioned in plaintiff's petition to said agency for collection, and the said agency forwarded the same to the plaintiff in Kansas City as its agent or attorney, and the plaintiff as its agent or attorney for the Bristol Mercantile Agency brought the suits mentioned in his petition against the said Nancy Bainbridge et al., and recovered two judgments upon which executions were issued, levies made and certain real estate sold, but the property only brought a nominal sum. That under defendant's contract with the Bristol Mercantile Agency it was not entitled to any pay for its services for attorneys' fees or otherwise. The plaintiff in bringing the suits was not acting as attorney for defendant, but was attorney for the Bristol Mercantile Agency and the defendant owes him nothing."

The reply was a general denial of the new matter set up in the answer. The issues were tried by the court, sitting as a jury, resulting in a finding and judgment for plaintiff, and defendant appealed.

I. The principal complaint relates to the court's action in refusing the following declaration of law asked by defendant: "If the court sitting as a jury believe from the evidence that defendant Vanstone, entered into a written contract with the Bristol Mercantile Agency whereby said Agency contracted and agreed to endeavor to collect such claims as defendants might put into their hands, anywhere in the United States or Canada for a certain per cent named in said contract, and that said Vanstone forwarded the notes and accounts mentioned by plaintiff in his petition, to such agency for collection under said agreement, and that said notes and accounts were sent by said agency to the plaintiff as its attorney, and that the plaintiff undertook to collect said notes and accounts as attorney for such agency and brought the suits mentioned

by him as the employee of such agency, then he can not recover in this suit against this defendant."

The refusal of this declaration of law was manifest error. It was clearly within range of the answer, and there was abundant evidence tending to prove the facts therein recited. The main issue was, whether or not plaintiff took charge of the collections and instituted the suits in Jackson county under a direct employment by the defendant, or whether in so doing the plaintiff was acting as a mere sub-agent, attorney or employee of the Bristol Mercantile Agency with whom the defendant had a contract for the collection of the claims. If the latter hypothesis was the true one then the defendant was bound to respond to the Bristol Agency and not to plaintiff, its servant and employee. Hill v. Morris, 15 Mo. App. 322, and cases cited. The court however seems to have treated this as an immaterial matter and that it made no difference whether plaintiff, in making the collections and conducting the suits against the Kansas City parties, was so doing as the employee or attorney of defendant or of the Mercantile Agency.

II.    The defendant was entitled to have the trial judge declare the theory of law upon which he decided the case, and his rulings on declarations of law are subject to review in the appellate court. Butler Co. v. Bank, 143 Mo. 13.

The judgment must be reversed and cause remanded. All concur.